United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3168

_____

Tony Hutchins, Virgil Houston, Eric     *

Wynn, Gary Prince, Janice Davis, John    *

Haliburton, Laverne Laws, Reneé Petty,   *

Jenay Parker, Cynthia Wilson, Wylda     *

Carey, Darlene Y. Williams, Joseph       *

Hicks, Felicia Clay, Sheila Harris,        *

Marietta Sumrall, Deborah Moore,       *

Vanessa Sutton, Gina Terrell,           *

Sherrie Robinson,                      *    Appeal from the United States

                                 *    District Court for the

          Appellants,         *    Eastern District of Missouri.

                                   *

       v.                       *

                                   *

A. G. Edwards & Sons, Inc.,         *

                                   *

          Appellee.           *

_____

Submitted: April 14, 1997

Filed: July 8, 1997

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Appellants, a group of African American employees and former employees (plaintiffs), appeal from the district court's[1] dismissal of their race discrimination case against their employer, A.G. Edwards & Sons, Inc. (defendant), with prejudice and from the denial of their motion for class certification. We affirm the dismissal and therefore do not reach the class certification issue.

## I.

This case commenced on July 10, 1995, when the district court granted plaintiffs leave to file their second amended complaint.[2] Endeavoring to begin discovery, defendant's counsel requested in a letter dated July 11, that plaintiffs provide dates on which defendant could take the plaintiffs' depositions. On July 12, plaintiffs' counsel responded that he preferred to meet regarding a discovery schedule. When defendant's counsel requested a mutually convenient meeting time, plaintiffs' counsel retracted his offer to meet.

Defendant petitioned the court for an order commencing discovery, which was granted on August 2. On August 4, defendant served its first interrogatories on plaintiffs, which requested two items of information: the promotions and/or salary increase allegedly denied to each plaintiff on the basis of race, and the promotions and/or salary increases allegedly denied to putative class members on the basis of race.

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

[2]Plaintiffs had filed three previous complaints that they never served on defendant. Plaintiffs filed their fourth complaint (the second amended complaint) on March 31, 1995, without leave of court, and served defendant on April 7, 1995. Defendant moved to dismiss the complaint for failure to request leave of court to file a new complaint, but the district court granted leave to file the amended complaint.

Defendant sought this information in part to prepare for the upcoming hearing on certification of the plaintiffs as a class. When plaintiffs failed to timely respond, defendant's counsel inquired by letter dated September 29, as to the reason for plaintiffs' delay. When plaintiffs failed to reply, defendant filed its first motion to compel and for sanctions on October 24, seeking complete answers to its interrogatories and monetary sanctions for having to prepare and file the motion. On November 9, the district court ordered plaintiffs to provide complete responses to the interrogatories by November 24, but declined to impose sanctions.

On November 22, plaintiffs filed their response to defendant's interrogatories. Only six of the twenty named plaintiffs responded, however, and none of the six who responded signed their answers or completed every subsection of the two questions. In addition, the responses incorrectly identified two supervisors who allegedly discriminated against plaintiffs as white, when in fact they were African American. Defendant therefore filed a second motion for sanctions on November 27. On November 28, the court ordered plaintiffs to respond by 3:00 p.m. that day so that defendant could use the information to prepare for the class certification hearing the following day. Plaintiffs failed to respond. At the class certification hearing, the court heard argument regarding plaintiffs' failure to respond to the interrogatories and that same day ordered plaintiffs to pay defendant's costs and attorney fees in bringing the first motion to compel and second motion for sanctions. Defendant filed a verified bill of costs and expenses, stating that its costs in preparing the motions were $692.18. Plaintiffs filed no response to the verified bill.

Despite the district court's orders, plaintiffs neither provided supplemental responses to defendant's interrogatories nor paid the sanctions. Defendant's counsel wrote to plaintiffs' counsel requesting payment. In a February 9, 1996, telephone conversation with defendant's counsel, plaintiffs' counsel agreed to make payment by February 20. On February 21, having received no response from plaintiffs, defendant filed its third motion for sanctions, requesting payment and dismissal of plaintiffs' case.

On April 2, the district court declined to impose sanctions and concluded that dismissal was not warranted at that time but instead ordered plaintiffs to show why they should not be held in contempt. Plaintiffs responded that they would pay the $692.18 in sanctions if the district court issued a statement finding the amount stated in defendant's bill of costs to be reasonable. The district court obliged in an order dated April 22, and ordered plaintiffs to pay the sanctions within twenty days. On May 16, several days after the payment was due, plaintiffs requested and received an additional twenty days to pay.

Plaintiffs failed to supplement or verify their answers to the first or second interrogatories or to pay the sanctions during the twenty-day extension. On June 5, defendant filed its seventh motion for sanctions, requesting an order requiring plaintiffs to pay the sanctions and defendant's costs incurred in preparing the motion. Defendant also requested dismissal of plaintiffs' case. The same day, plaintiffs filed a motion requesting the court to stay the payment of the November 29 sanctions, claiming that defendant owed plaintiffs witness fees and mileage relating to the completed depositions of six plaintiffs. The district court denied this motion on June 6.

Meanwhile, defendant had served its second interrogatories on February 15, which requested information regarding health care providers plaintiffs had seen or consulted since December 1, 1989. Plaintiffs requested and received a thirty-day extension of time in which to reply, and when they filed their answer on April 15, it consisted of a single sentence: "Plaintiffs object to this Interrogatory on the grounds that it is overbroad and not calculated to lead to relevant, discoverable information." Defendant consequently filed its second motion to compel and fourth motion for sanctions on April 25, requesting complete responses to its second interrogatories, together with monetary sanctions and dismissal of plaintiffs' case. On May 13, finding that the requested medical records were relevant, the district court ordered plaintiffs to submit complete responses within eleven days, but declined to impose additional sanctions or to dismiss plaintiffs' case.

Plaintiffs' supplemental response to the second interrogatories simply stated that one plaintiff "was treated by a Physician at Barnes Hospital unknown to her in 1995 for bald spots that she believes were related to stress on the job."[3] Defendant believed this response was incomplete, stating in its motion that two other plaintiffs who had been deposed had identified medical professionals they had seen since 1989, and filed its sixth motion for sanctions on May 28, requesting sanctions and suggesting that plaintiffs' case be dismissed. Also on May 28, defendant filed its third motion to compel and fifth motion for sanctions regarding difficulties in procuring from plaintiffs' counsel dates on which defendant's counsel could depose the plaintiffs.

On June 18, the district court filed a sixteen-page memorandum and order detailing the plaintiffs' repeated failures to comply with the court's orders. The court granted defendant's seventh motion for sanctions, ordering plaintiffs to pay the November 29 sanctions and, as a sanction, to pay defendant's costs of $445.55; granted defendant's sixth motion for sanctions, ordering plaintiffs to provide complete answers to the second interrogatories and to pay defendant's costs of $348.50; and granted defendant's third motion to compel and fifth motion for sanctions, ordering plaintiffs to appear for depositions at a rate of two per day and to pay defendant's costs of $646.10. Finally, the order commanded plaintiffs to show within eleven days why their action should not be dismissed for their failure to comply with the court's orders and for their failure to cooperate in discovery.

Plaintiffs' response to the June 18 order merely re-argued their opposition to defendant's motions. In addition, plaintiffs made no efforts to comply with the court's directives: none of the plaintiffs who were ordered in the June 18 order to appear at their depositions did so; plaintiffs paid no portion of the sanctions; and plaintiffs neither submitted supplemental responses to the first or second interrogatories nor verified the responses given.

---

[3]This plaintiff later denied at deposition ever receiving such treatment.

In a twelve-page memorandum and order dated July 12, 1996, the district court found that plaintiffs' unresponsiveness "merely highlight[ed] the Plaintiffs' lack of respect for court orders and lack of diligence" present throughout the pendency of the proceedings, and that plaintiffs' lack of diligence and cooperation had "greatly prejudiced Defendant in that, despite diligently pursuing discovery, Defendant has been unable to procure the information necessary to enable Defendant to defend the claims against it." The district court therefore dismissed plaintiffs' case with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the court's orders.

## II.

A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders, see Fed. R. Civ. P. 41(b); Moore v. St. Louis Music Supply Co., Inc., 539 F.2d 1191, 1193 (8th Cir. 1976), or for intentional delay. See First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam). This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct. See Moore, 539 F.2d at 1193. The district court need only find that a litigant acted deliberately rather than accidentally, and need not find bad faith. See First Gen. Resources, 958 F.2d at 206.

Because "'dismissal with prejudice is an extreme sanction,'" however, it "'should be used only in cases of willful disobedience of a court order,'" Mann v. Lewis, 108 F.3d 145, 147 (8th Cir. 1997) (quoting Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984)), or where a litigant exhibits "a pattern of intentional delay." First Gen. Resources, 958 F.2d at 206. A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party. See Moore, 539 F.2d at 1193. Because "the district courts are more familiar

with proceedings before them and with the conduct of counsel than we are, . . . we should give them a large measure of discretion in deciding what sanctions are appropriate for misconduct." Givens, 751 F.2d at 263. Thus, we review a district court's dismissal of a plaintiff's cause of action for abuse of discretion. See Omaha Indian Tribe, Treaty of 1854 with the United States v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir. 1991).

Plaintiffs persistently refused to answer interrogatories properly or to pay sanctions, repeatedly forcing defendant to seek assistance from the district court. Plaintiffs continued to delay even after the district court ordered them to respond. Plaintiffs' persistent failure to cooperate and their disregard of the district court's orders make it clear that their conduct throughout these proceedings was deliberate rather than accidental. Plaintiffs' pattern of intentional delay is the type of conduct for which the extreme sanction of dismissal with prejudice is appropriate. See First Gen. Resources, 958 F.2d at 206.[4]

The record also shows that the district court attempted to address plaintiffs' conduct through avenues less severe than dismissal with prejudice. It allowed plaintiffs numerous extensions of time to answer interrogatories, both upon plaintiffs' request and

_____

[4]Plaintiffs claim that defendant was responsible for the delay rather than plaintiffs, alleging that defendant violated Local Rule 3.04, which requires a party making a discovery motion to state that that party's counsel conferred, or made reasonable efforts to confer, in good faith with opposing counsel, but that counsel were unable to agree despite sincere efforts. See U.S. Dist. Ct. Rules E. D. Mo., Rule 3.04. Plaintiffs' claim finds no support in the record. Defendant's counsel contacted plaintiffs' counsel regarding every delay and did not ask the court to intervene until plaintiffs failed to respond or the parties failed to agree. Defendant's attempts to resolve disputes without court intervention are documented by its recitation of Rule 3.04 compliance in its initial motion relating to each issue. The court was familiar with plaintiffs' pattern of delay and with defendant's foiled attempts to accomplish discovery without court intervention, and plaintiffs' Rule 3.04 argument therefore fails.

on its own motion. When plaintiffs failed to obey its orders, the district court imposed sanctions in an attempt to secure plaintiffs' compliance and remedy the prejudice to defendant. It was only after plaintiffs failed to respond to less severe sanctions that the district court concluded that plaintiffs' conduct warranted dismissal of their case.

In sum, the record shows plaintiffs' pattern of willful conduct that caused delay, burdened the court's docket, and impaired defendant's ability to prepare for trial. The record also establishes that lesser sanctions were ineffective. Accordingly, we conclude that the district court did not abuse its discretion in dismissing plaintiffs' case with prejudice. See First Gen. Resources, 958 F.2d at 206-07.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.