# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-2061/2074

_____

| | | |
|---|---|---|
| Tadeusz Radecki, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeals from the United States |
| Board of Regents, University of | * | District Court for the |
| Nebraska; Roy F. Keller; John G. | * | District of Nebraska |
| Peters; David A. Klarner; Joseph Y-T | * | |
| Leung; William E. Splinter, | * | [UNPUBLISHED] |
| | * | |
| Appellees/Cross-Appellants. | * | |

_____

Submitted: March 31, 1999

Filed: May 17, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Tadeusz Radecki appeals from the final judgment entered in the District Court[1] for the District of Nebraska dismissing his employment discrimination action without prejudice under Fed. R. Civ. P. 41. For reversal Radecki argues the district court erred

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

in dismissing the action rather than extending the deadlines and appointing substitute counsel, denying his motion for an independent mental evaluation, and sanctioning him for not appearing at his deposition. Defendants cross-appeal the "without prejudice" aspect of the dismissal. For the reasons discussed below, we affirm the judgment of the district court.

After the district court had appointed new counsel for Radecki several times, had appointed a guardian ad litem, and had extended case deadlines on several occasions, Radecki filed a motion to stay further proceedings until an indefinite time when he would be able to resume his involvement in the action. The court construed the motion as one for voluntary dismissal and granted it, dismissing the case without prejudice. We hold the district court did not err in so construing the motion, and thus affirm the dismissal without prejudice. See Fed. R. Civ. P. 41(a)(2) (court may dismiss at plaintiff's instance "upon such terms and conditions as [it] deems proper"). We also hold that the district court did not err in assessing to Radecki the cost of a missed deposition, see Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997) (because district courts are more familiar with proceedings and counsel's conduct, this court gives district court large measure of discretion in determining appropriate sanctions); in conditioning any refiling of the action upon Radecki's payment of previously incurred attorney's fees and costs, see Kern v. TXO Prod. Corp., 738 F.2d 968, 971-72 (8th Cir. 1984) (payment of fees and costs may be proper condition for dismissal under Rule 41(a)); or in implicitly denying Radecki's motion for an evaluation of his mental condition.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.