# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1357

_____

| | | |
|---|---|---|
| In re Magdeline Georgetta Reid, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| Madeline Georgetta Reid, | * | |
| | * | |
| Appellee, and | * | Appeal from the United States |
| | * | Bankruptcy Appellate Panel |
| Susan Staub Olivera, | * | for the Eighth Circuit. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Checkett and Pauly; J. Kevin | * | |
| Checkett; Charles W. Pauly; and Chris | * | |
| Weber, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: November 18, 1999

Filed: December 14, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

When Magdeline Georgetta Reid filed for bankruptcy in 1990, J. Kevin Checkett was appointed trustee of her estate. Ms. Reid later filed the present action pro se against Mr. Checkett and others in state court, and the case was subsequently removed to bankruptcy court. Because Ms. Reid failed to amend her complaint as ordered by the bankruptcy court[1] within the time designated, it dismissed her complaint with prejudice pursuant to Fed. R. Civ. P. 41(b) and thereafter denied her motion to alter or amend the judgment, see Fed. R. Civ. P. 59(e), see also Fed. R. Civ. P. 60(b)(6). Ms. Reid appealed that denial to the Bankruptcy Appellate Panel for the Eighth Circuit, which reversed the bankruptcy court's judgment against her. See In re Reid, No. 98-6030, 1998 WL 890260 (8th Cir. Bankr. App. Panel Dec. 23, 1998) (per curiam). On subsequent appeal to our court by the defendants, we reverse the bankruptcy appellate panel.

I.

When the defendants moved to dismiss Ms. Reid's 133-paragraph complaint for failure to state a claim, the bankruptcy court scheduled a hearing on the motion. The transcript of that hearing reveals that the bankruptcy court ordered Ms. Reid to amend her "very, very lengthy" and "difficult to read" complaint so that it complied with Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The court gave Ms. Reid a full six weeks to comply. The defendants moved to dismiss Ms. Reid's complaint for failure to comply with the court's order more than a month after Ms. Reid's amended complaint was due. Ms. Reid did not respond to that motion, nor did she request an extension of time to file an amended complaint. A month later, and more than four and

---

[1]The Honorable Karen M. See, United States Bankruptcy Judge for the Western District of Missouri.

a half months after it had ordered Ms. Reid to amend her complaint, the bankruptcy court dismissed Ms. Reid's complaint with prejudice.

Ms. Reid moved to alter or amend the judgment against her, <u>see</u> Fed. R. Civ. P. 59(e), but the bankruptcy court denied the motion because Ms. Reid failed to allege excusable neglect, <u>see</u> Fed. R. Civ. P. 60(b)(1), and because she sought to relitigate issues previously resolved. The bankruptcy court found that although Ms. Reid was an intelligent, experienced, and sophisticated <u>pro</u> <u>se</u> litigant who was "well aware of her obligation to comply with the Court's order," she nevertheless made a conscious decision to disregard that order.

## II.

Fed. R. Civ. P. 41(b) provides that a court may dismiss a case for failure to comply with court orders. <u>See</u> <u>also</u> <u>Rodgers v. Curators of University of Missouri</u>, 135 F.3d 1216, 1219 (8th Cir. 1998). We review a dismissal under that rule for an abuse of discretion. <u>Edgington v. Missouri Department of Corrections</u>, 52 F.3d 777, 779 (8th Cir. 1995). Although dismissal with prejudice is an extreme sanction, it is well settled that it is appropriate in cases involving willful disobedience of a court order. <u>Hutchins v. A. G. Edwards and Sons, Inc.</u>, 116 F.3d 1256, 1260 (8th Cir. 1997).

The rule put Ms. Reid on constructive notice that her complaint could be dismissed if she failed to comply with the court's order to amend. Ms. Reid in fact also had direct notice of the potential sanction when the defendants moved to dismiss for failure to comply with the bankruptcy court's order. Instead of amending her complaint or responding to the motion to dismiss, however, Ms. Reid in her "objection to the order denying remand to state court" (filed before the time ran for her to file an amended complaint) informed the bankruptcy court of her intent to "steadfastly stand on" her pleadings. In her notice of appeal, which was filed well before the bankruptcy court entered its order dismissing the complaint, Ms. Reid reiterated her decision to "stand[] on her filed petition with the State Court."

The bankruptcy court's determination that Ms. Reid willfully disregarded its order is a finding of fact subject to the clearly erroneous standard of review. See Rodgers, 135 F.3d at 1219; see also Fed. R. Civ. P. 52(a). We may not overturn the court's factual findings merely because we might have decided the issue differently. See generally Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).

It is manifest that the record before us clearly supports the bankruptcy court's conclusion that Ms. Reid willfully defied the court's order. Ms. Reid fully comprehended the order and left no doubt that she did not intend to comply with it. In reversing, the bankruptcy appellate panel placed undue emphasis on Ms. Reid's pro se status and accorded insufficient deference to the bankruptcy court's finding that Ms. Reid knowingly disregarded the its order. See Rodgers, 135 F.3d at 1219. The appellate panel also alluded to the fact that the bankruptcy court did not memorialize in writing its order directing Ms. Reid to file an amended complaint until after the time to do so had run. But Ms. Reid quite obviously understood what the bankruptcy court told her in open court and deliberately chose to ignore it. We therefore cannot agree with the bankruptcy appellate panel's conclusion that the bankruptcy court abused its discretion by denying Ms. Reid's motion to alter or amend.

III.

For the foregoing reasons, we reverse the judgment of the bankruptcy appellate panel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-