# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2174

_____

| | | |
|---|---|---|
| Timothy S. Hunt, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| City of Minneapolis, Minnesota; Police | * | District Court for the |
| Officers, personally and in their | * | District of Minnesota. |
| capacities as employees/agents of the | * | |
| City of Minneapolis; Dan Wells; | * | |
| Jeffery Marcell; Anthony Barragan; | * | |
| John or Jane Doe, Police Officers, | * | |
| Other (whose identities are unknown at | * | |
| this time), | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  October 22, 1999
Initially Filed:  December 9, 1999
Opinion Vacated, Rehearing Granted, and
Opinion Refiled as Modified:  *February 11, 2000

_____

*Appellant Hunt has filed a petition for rehearing en banc.  Pursuant to Eighth Circuit Rule 40A(b), we granted rehearing by the panel.  Having reviewed the entire record, we conclude that, with one exception, the points raised in the petition lack merit.  The district court was justified in disregarding Hunt's late-filed statement of the case and motions in limine, and Hunt concedes that his witness list was inadequate, that he failed to make several exhibits available for review by opposing counsel, and that

_____

Before WOLLMAN, Chief Judge, ROSS and LOKEN, Circuit Judges.
_____

he failed to disclose his ability to perform "administrative or light duty functions" for the Army National Guard, as sworn to by the officer in charge of his unit. Moreover, Hunt's attempts to minimize the impact of his pattern of dilatory conduct throughout this case are unavailing, particularly in light of the need for an order to compel discovery and the previous issuance of sanctions against him.

Hunt does correctly point out, however, that the district court may have overlooked Hunt's September 9, 1997, disclosure of Dr. David Schultz when it concluded that Hunt would have been "precluded from offering any expert testimony" even if the witness list he submitted on February 23, 1999, had complied with the January 20, 1999, court order. Although it appears to be erroneous, this statement by the district court served merely as an alternative basis for dismissal. The district court had already properly concluded that Hunt was "precluded from offering any exhibits or witnesses at trial" on the basis of the noncompliant witness list, and the prior disclosure of one expert witness does not change this fact. Moreover, Hunt's failure to disclose his Army Reserve duty left him unable to prove his loss of earnings claim. Thus, because we are convinced that the district court would have dismissed the case even if it had been aware of the 1997 disclosure, and because it would have been well within its discretion in doing so, we find that its conclusion that no expert testimony would have been available to Hunt even if the witness list had been compliant constituted harmless error. See Knoth v. Smith & Nephew Richards, 195 F.3d 355, 357 (8th Cir. 1999). We therefore reinstate our original opinion, as herein modified, affirming the dismissal with prejudice.

-2-

WOLLMAN, Chief Judge.

Timothy S. Hunt appeals the district court's[1] dismissal with prejudice of his civil rights and tort claims against the City of Minneapolis and certain police officers arising out of Hunt's 1995 arrest. We affirm.

## I.

Hunt was arrested in October 1995 outside The Gay Nineties, a Minneapolis night club, in connection with an altercation that had occurred inside the bar. In November 1996, he named the city and several police officers in a complaint alleging excessive force in violation of 42 U.S.C. § 1983, as well as raising several state law tort claims. Hunt subsequently amended his complaint to include additional police officers. The district court entered summary judgment against Hunt on some of his claims and found that some of the officers named in the lawsuit were not present at the arrest.[2] The remaining claims were scheduled for trial on March 1, 1999.

On January 20, 1999, the district court issued a detailed pretrial order specifying that all motions in limine must be filed no later than February 16, with responses due by February 23, and requiring both parties to submit a statement of the case, exhibit list, witness list, and list of deposition testimony by February 23. The order indicated that only exhibits, witnesses, and deposition testimony properly listed in accordance with its specifications would be admissible into evidence.

---

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[2] Appellee Anthony Barragan asserts in this appeal that he too was not at the arrest scene and should never have had to defend himself in this lawsuit. Because we affirm the district court's dismissal of the entire case, we need not reach this issue.

Between the issuance of the pretrial order and the date set for trial, the following events occurred. First, on February 11 the court learned that Hunt had performed light administrative work in October of 1998 in connection with Army Reserve duty, contrary to his earlier deposition testimony that he was completely unable to work because of permanent and total disability. Second, Hunt failed to file his motions in limine or his responses to defendants' motions in limine until February 24. Third, Hunt neglected to submit a statement of the case. Fourth, Hunt disregarded the court's order by not making his exhibits available for review. Fifth, Hunt's witness list did not include the witnesses' addresses or summaries of their testimony. Finally, the witness list improperly indicated that Hunt intended to call as an expert witness Dr. Michael G. Farnsworth, whom he had not previously designated as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

Based on these instances of noncompliance, the district court dismissed Hunt's case with prejudice on February 26, 1999. The court characterized Hunt's failure to disclose his ability to perform light administrative work as "an egregious violation of his ongoing duty to supplement discovery as provided in the Federal Rules of Civil Procedure," and noted previous difficulties in securing Hunt's compliance with deposition requests. Because Hunt's prior behavior in the case had necessitated multiple orders to compel discovery and had even led to a threat to dismiss the case with prejudice unless Hunt agreed to submit to a mental examination, the court determined that his repeated violation of court orders and the Federal Rules was willful and intentional. After observing that Hunt could not offer any witnesses or exhibits because of his multiple violations of the pretrial order, the district court concluded that trial would be a futile waste of judicial resources and that dismissal was the appropriate response.

## II.

The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. See Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997). This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily." Rodgers v. Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998). We review for clear error the district court's factual finding of a willful disregard of court orders or of a pattern of persistent delay. See id.

Even where the facts might support dismissal with prejudice, this "ultimate sanction . . . should only be used when lesser sanctions prove futile." Id. at 1222 (citations and quotation marks omitted). "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." Hutchins, 116 F.3d at 1260 (citation omitted). Because district courts are "more familiar with proceedings before them and with the conduct of counsel than we are," we give them "a large measure of discretion in deciding what sanctions are appropriate for misconduct." Id. (citation and quotation marks omitted). Although we have encouraged district courts to warn litigants when they are "skating on the thin ice of dismissal," such admonitions are not necessary to sustain a Rule 41(b) dismissal. Rodgers, 135 F.3d at 1221. The ultimate decision of what sanctions are appropriate is reviewed for abuse of discretion. See Hutchins, 116 F.3d at 1260.

We conclude that the district court did not err in finding that Hunt engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules. The question might be a closer one if Hunt had failed to follow only one or two of the court's specific instructions. See, e.g., Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263-64 (8th Cir. 1984) (reversing dismissal order where litigant's sole transgression was failing to comply with a discovery deadline). As it was, however, the district court was presented with a pattern of dilatory conduct that began well before the January 20 pretrial order was issued. For example, in 1997 Hunt had to be ordered to appear at his own deposition after failing to appear once and then, after it had been rescheduled, unilaterally canceling at the last minute; when he finally did show up pursuant to the court order, Hunt walked out upon learning that the deposition was to be recorded.

Then, between the issuance of the pretrial order and the date trial was set to commence, Hunt engaged in at least six distinct violations of the court's orders or of the Federal Rules. These included missing deadlines for the submission of motions in limine, failing to comply with numerous specific requirements set forth in the pretrial order, listing a previously undesignated expert witness (Dr. Farnsworth) in violation of Rule 26(a)(2)(B), and tardily revealing evidence of work history that contradicted Hunt's deposition testimony and seriously undermined his claim for damages. We hold that it was not clear error for the district court to conclude that this behavior, taken together, amounted to a persistent pattern of delay, willful violation of court orders, and intentional disregard of the Federal Rules. See Hutchins, 116 F.3d at 1260.

Hunt argues that much of his noncompliance is justified by his struggle with Post Traumatic Stress Disorder (PTSD). This claim is similar to one we recently rejected in Rodgers, where the appellant urged that his "cognitive disabilities secondary to traumatic closed head injuries" rendered his acts of noncompliance involuntary or accidental. Rodgers, 135 F.3d at 1222. We upheld dismissal with prejudice in

-6-

Rodgers, finding that the injuries had not contributed to the appellant's behavior that led to dismissal.  See id.

We reach the same conclusion here.  Although Hunt's PTSD may have affected his behavior at the deposition and medical examination, it clearly was not responsible for the vast majority of the delays caused by Hunt and his attorney.[3]  Therefore, PTSD cannot provide an excuse for their numerous  and varied failures to comply with court orders and procedural rules.

In light of the foregoing, we hold that dismissal was a justifiable and proportionate response to a demonstrated pattern of dilatory conduct.  Hunt's multiple violations on the eve of trial burdened the court and prejudiced the defendants.  See Hutchins, 116 F.3d at 1260.  Moreover, the district court considered the possibility of imposing an appropriate lesser sanction – preventing introduction of the exhibits and testimony that had been rendered inadmissible by Hunt's failure to comply with the pretrial order.  See Fed. R. Civ. Pro. 16(f) (authorizing, by reference to Rule 37(b)(2)(B), exclusion from evidence of designated matters where a party fails to comply with a pretrial order); cf. Rodgers, 135 F.3d at 1222; Hutchins, 116 F.3d at 1260.  Because this preclusion would have left Hunt totally unable to prove his claims, however, the district court was left with no practical alternative but to dismiss the case with prejudice.

---

[3]Hunt's counsel attempts to explain the delays by arguing that his schedule was overburdened and that he was confused by his simultaneous participation in state and federal cases.  Such excuses cannot be deemed valid, however, lest the courts be rendered unable to enforce any orders or procedural rules.  Cf. Sutherland v. ITT Continental Baking Co., Inc., 710 F.2d 473, 475-77 (8th Cir. 1983) (attorney carelessness is not "excusable neglect" under Rule 60(b)); Buckley v. United States, 382 F.2d 611, 613-15 (10th Cir. 1967) (attorney's busy law practice does not excuse errors so as to justify relief under predecessor to Rule 60(b)).

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.