# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2831

_____

| | | |
|---|---|---|
| Kendrick Lee Harris, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| Unknown Mack, Officer #976 | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted:  July 5, 2000

Filed:  July 24, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Kendrick Lee Harris appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri, dismissing his action with prejudice under Fed. R. Civ. P. 37(d) for twice failing to appear at his deposition. For reversal, Harris argues the district court erred in dismissing the action because he provided good cause for his failure to appear, namely, he had been out of town when defendant requested

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

the depositions. For the reasons discussed below, we affirm the judgment of the district court.

Under Rule 37(d), if a party fails to appear for a deposition after being served with proper notice, the district court "may make such orders in regard to the failure as are just," including an order dismissing the action. <u>See</u> Fed. R. Civ. P. 37(b)(2)(C) and (d). We review Rule 37 dismissals for abuse of discretion and the district court's factual findings for clear error. <u>See</u> <u>Boogaerts v. Bank of Bradley</u>, 961 F.2d 765, 768 (8th Cir. 1992) (per curiam); <u>Avionic Co. v. General Dynamics Corp</u>., 957 F.2d 555, 558 (8th Cir. 1992).

Although dismissal with prejudice is an "extreme sanction," <u>see</u> <u>Hunt v. City of Minneapolis</u>, 203 F.3d 524, 527 (8th Cir. 2000), we conclude the district court did not clearly err in finding that Harris had deliberately failed to attend the two scheduled depositions and did not abuse its discretion in dismissing the case. The evidence showed Harris's counsel received notice of the depositions and appeared at both. Harris's counsel mailed correspondence relating to the depositions to Harris, but received no response. After the date of the noticed depositions, some additional correspondence counsel mailed to Harris was returned as undelivered, but other correspondence--which counsel mailed to the address Harris claimed as his correct address--was not.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-