# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1454

_____

Jeffery D. Williams,

      Appellant,

    v.

William Soupene; John Ault; Jerome
Manternach, Sued as J. Manternarch;
Welch, Mr.; Iowa Department of
Corrections, Central Office Grievance
Coordinator,

      Appellees.

*
*
*
*
*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Northern District of Iowa.

**[UNPUBLISHED]**

_____

Submitted: December 6, 2000
Filed: December 27, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jeffery Williams, a former Iowa inmate, appeals the district court's[1] order dismissing his 42 U.S.C. § 1983 complaint with prejudice for failure to comply with a court order. Having carefully reviewed the record, we conclude that the district court

---

[1]THE HONORABLE MARK W. BENNETT, Chief Judge, United States District Court for the Northern District of Iowa.

did not abuse its discretion by dismissing under Fed. R. Civ. P. 41(b) when Williams failed to file an amended complaint as directed. See Edgington v. Missouri Dep't of Corr., 52 F.3d 777, 779 (8th Cir. 1995) (standard of review). Williams's counsel--who was appointed in May 1999--advised the court in October 1999 that he had written Williams but had been unsuccessful in contacting him. Later, after the court ordered Williams to file an amended and substituted complaint by December 1, his appointed counsel notified the court that Williams had failed to appear for two scheduled appointments, and the court reluctantly granted an extension to January 3, 2000, stating no further continuances would be granted. No further communication was received by the court from Williams or his counsel before the complaint was dismissed on January 6. See Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000) (Rule 41(b) dismissal with prejudice is extreme sanction that should be used only in cases of willful disobedience of court order).

Although Williams now contends that he had no transportation to his appointed counsel's office 175 miles away, and that his appointed counsel had a conflict of interest, he did not raise these issues to the district court when or after his counsel was appointed. In any event, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-