# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1079

_____

| | | |
|---|---|---|
| Torrance Royster, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Andrew Darling; Steven Hansmann; | * | District of Minnesota. |
| Joan Fabian; Joshua Burdine; Robert | * | |
| Bruber; Michell Riordan; Kevin Byer; | * | [UNPUBLISHED] |
| Ofc. Brewer; Robert Stelle; Sgt. | * | |
| Davis; Sgt. McCarty; Robert Feneis; | * | |
| Erik Skon, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 22, 2006
Filed: August 28, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Torrance Royster, a Minnesota prisoner, appeals the district court's order dismissing his 42 U.S.C. § 1983 action prior to service for failure to comply with a court order. We reverse.

On May 23, 2005, Royster was granted leave to proceed in forma pauperis, was informed that he was entitled to have defendants served by the United States Marshal

under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), and was ordered to submit a Form USM-285 and a copy of his complaint for each defendant to be served. When Royster failed to submit the Marshal service forms and extra copies of his complaint, the district court dismissed the action without prejudice.

A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order. See Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986). The district court need only find that the plaintiff acted deliberately rather than accidentally, and need not find bad faith. See Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997). The record here, however, does not show that Royster deliberately disobeyed the May 23 order. Before dismissal, he informed the court that he had twice requested but had not received the USM-285 form; the record contains proof of two such requests; and he asserted that he had delivered one USM-285 form and one copy of his complaint to prison staff for mailing to the court, and that the mail room represented these items had been mailed. Thus, we conclude that the district court abused its discretion in dismissing the action. See Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998) (standard of review); cf. Jones v. Pollard-Buckingham, 348 F.3d 1072, 1073 (8th Cir. 2003) (district court abused its discretion in dismissing complaint without prejudice for inmate's alleged failure to comply with court order requiring him to set forth specific allegations against various defendants because, although complaint was in narrative form, plaintiff's recitations clearly identified each defendant's involvement).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____