Henry Kenneth Roger SIEMS, an individual, Plaintiff,

v.

The CITY OF MINNEAPOLIS, a municipal corporation in Minnesota, et al., Defendants.

Civil No. 06–1415 (MJD/AJB).

United States District Court, D. Minnesota.

Jan. 25, 2008.

Jill M. Waite, Waite Law Office, Minneapolis, MN, for Plaintiff.

Timothy S. Skarda and Tracey L. Nelson, Minneapolis City Attorney's Office, Minneapolis, MN, for Defendants.

## ORDER

MICHAEL J. DAVIS, District Judge.

### I. BACKGROUND

This matter is scheduled for trial beginning February 4, 2008. By Court Order filed November 13, 2007, the parties were required to submit a statement of the case, exhibit list, witness list, list of deposition testimony, all motions in limine, proposed voir dire, joint proposed jury instructions, and a proposed special verdict form by 12:00 p.m. on January 18, 2008. [Docket No. 8] While Defendants have complied with the Court's Order, the Court did not receive any of Plaintiff's required documents by January 18; nor did Plaintiff otherwise contact the Court.

On January 22, 2008, the Court filed an Order ordering:

Plaintiff shall submit a statement of the case, exhibit list, witness list, list of deposition testimony, all motions in limine, proposed voir dire, joint proposed jury instructions, and a proposed special verdict form, all submitted in the manner set forth in the Court's November 13, 2007 Order, by noon on Friday, January 25, 2008. If Plaintiff fails to submit the required material by noon on January 25, 2008, this case will be **dismissed with prejudice.**

Plaintiff has not yet submitted any of the required documents or otherwise contacted the Court as of five p.m. on January 25, 2008.

### II. DISCUSSION

■■■ "The Federal Rules of Civil Procedure permit dismissal with prejudice '[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court.' Fed. R.Civ. P. 41(b)." *Hunt v. City of Minneapolis, Minn.,* 203 F.3d 524, 527 (8th Cir.2000). Dismissal with prejudice is only warranted "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the [plaintiff] acted in bad faith, but requires only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (citations omitted).

In this case, Plaintiff has frequently disobeyed Court orders without any explanation or excuse. On May 4, 2006, the Court filed a Notice of Pretrial Conference requiring the parties to file a joint Rule 26(f) report by June 22, 2006. [Docket No. 4] On June 27, 2006, Defendants filed their Rule 26(f) report, explaining that Plaintiff did not participate in the Rule 26(f) meeting, so Defendants had prepared the report alone. [Docket No. 5] The report recounted Defendants' attempts to contact Plaintiff and Plaintiff's failure to comply with the Court's Order. No Rule 26(f) report on behalf of Plaintiff was ever filed.

Plaintiff has filed no motions in the case.

Plaintiff's counsel received electronic notice of the Court's detailed pretrial scheduling order on November 13, 2007. The Order warned that "[t]he failure of any

party to comply with the procedures outlined herein shall result in the imposition of an appropriate sanction." Plaintiff wholly failed to comply with any part of the Court's Order. Plaintiff submitted not one required document and failed to otherwise contact the Court.

Through the Judge's Calendar Clerk, the Court has repeatedly attempted to contact Plaintiff's counsel by both email and telephone and has received no response.

On January 17, 2008, at 4:57 p.m., the Court called Plaintiff's counsel and her adult daughter and legal assistant answered the telephone. The Court informed her that February 4, 2008 was the date certain trial date and also told her to refer to the November 13, 2007 Order for the due dates for Plaintiff's trial submissions.

On January 22, 2008, at 8:59 a.m., the Court called Plaintiff's counsel again, but was unable to leave a message because counsel's answering machine was full.

On January 22, 2008, at 9:01 a.m., the Court emailed Plaintiff's counsel, stating:

I tried calling your office phone and it is too full to leave a message. Your trial submissions for the *Siems v. City of Mpls* (06–1415) case were due on Friday, January 18, 2008 by noon. I see they have not been filed yet. Tim Skarda has also told me you have not completed the joint jury instructions either. Please let me know when you will have these documents to the court. As you know we will be starting trial on Monday, February 4, 2008.

On January, 22, 2008, the Court entered a clear Order warning Plaintiff that the case would be dismissed with prejudice if Plaintiff did not comply with the Court's pretrial scheduling Order by the new deadline of January 25, 2008 at noon. Plaintiff's counsel received electronic notice of this Order. Again, Plaintiff wholly failed to comply with any part of the Court's Order or otherwise contact the Court.

On January 25, 2008, after the noon deadline had passed, the Court called Plaintiff's counsel and left a message on her answering machine requesting that she call back immediately.

This is not a case in which a party violated one portion of a pretrial scheduling order. Rather, Plaintiff has violated **every part** of the Court's Order despite the fact that the Court granted Plaintiff an extension and clearly warned Plaintiff of the effect of noncompliance.

The Court finds that Plaintiff's multiple violations of the Court's pretrial scheduling order "on the eve of trial burdened the court and prejudiced the defendants." *Hunt*, 203 F.3d at 528 (citation omitted). Defendants cannot adequately prepare for trial when Plaintiff has submitted *none* of his trial materials. A lesser sanction, such as "preventing introduction of the exhibits and testimony that had been rendered inadmissible by [Plaintiff]'s failure to comply with the pretrial order" would leave Plaintiff "totally unable to prove his claims." *Id.* The Court also notes that Plaintiff previously violated the Court's Notice of Pretrial Conference, indicating the beginning of a pattern of intentional failure to follow Court orders.

Therefore; in accordance with the Court's January 22, 2008 Order [Docket No. 25], **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

2. The Clerk of Court shall send a copy of this Order to the following:

   Office of Lawyers Professional Responsibility
   1500 Landmark Towers
   345 St. Peter Street
   St. Paul, MN 55102–1218

1072

**LET JUDGMENT BE ENTERED AC-CORDINGLY.**