# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3565

_____

| | | |
|---|---|---|
| Cathy Arnold; Cynthia Braxton; GaBrielle Doran, | * | |
| | * | |
| | * | |
| Plaintiffs/Appellants, | * | |
| | * | |
| Sheila Craig; Andrea Curns; Shannel Smith; Kevin May, | * | |
| | * | |
| | * | Appeal from the United States |
| Plaintiffs, | * | District Court for the |
| | * | Western District of Missouri. |
| Elle J. Sullivant, | * | |
| | * | |
| Interested Party/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| ADT Security Services, Inc.; Dinesh Chand, | * | |
| | * | |
| | * | |
| Defendants/Appellees, | * | |
| | * | |
| Tyco Fire (NV) Inc., | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: September 21, 2010
Filed: December 14, 2010

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Cathy Arnold, Cynthia Braxton, GaBrielle Doran, and others not joined in this appeal (collectively, plaintiffs) brought this suit against their former employer, ADT Security Systems, and supervisor, Dinesh Chand (collectively, ADT). The district court[1] dismissed with prejudice the plaintiffs' claims against ADT and ordered that plaintiffs (excluding Arnold and Braxton) and plaintiffs' counsel, Elle Sullivant, be jointly and severally liable to pay ADT $12,488.00. Arnold, Braxton, and Doran appeal from the dismissal with prejudice of their claims and the denial of their motion for an extension of time to designate experts. Doran and Sullivant appeal from the orders: (1) granting the motion to compel and requiring them to pay $10,988.00 in attorneys' fees and a $100 per day fine; and (2) denying their motion for reconsideration and their motion to stay the imposition of sanctions. We affirm.[2]

## I.

In 2005, Arnold and Braxton filed suit against ADT for racial discrimination, hostile work environment, and negligent infliction of emotional distress. Doran joined the lawsuit as a plaintiff in August 2006. In October 2006, ADT served Doran with initial discovery requests and Arnold and Braxton with supplemental discovery requests. Two years later, discovery remained incomplete, and the case was transferred to the Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri. At a December 2008 discovery conference, the district court noted the importance of moving the case forward without further delay and

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]We reject without further discussion ADT's argument that the appeal be dismissed for want of a properly filed timely notice of appeal.

established new discovery deadlines. The new schedule required that plaintiffs designate experts by February 10, 2009.[3]

The district court further ordered plaintiffs to provide the following to ADT by December 23, 2008: (1) executed medical, employment, and tax authorizations; (2) complete and full responses to interrogatories; and (3) all documents that had been requested. Although plaintiffs timely supplemented their discovery responses, their interrogatory responses and document production remained incomplete.[4] Doran also failed to provide executed authorizations. Shortly thereafter, ADT notified plaintiffs that their responses were deficient and that ADT had requested another telephone conference with the court to resolve the discovery issues.

During the January 20, 2009, telephone conference, the district court ordered plaintiffs to complete the discovery requests by January 30, 2009. It warned plaintiffs that "if they failed to comply with its directives, it would entertain sanctions up to, and

---

[3]The district court later denied plaintiffs' three motions for extensions of time to designate experts. D. Ct. Order of Mar. 10, 2009.

[4]Arnold's supplemental response to each request for documents was: "Plaintiff has previously produced all documents responsive to this request and has not withheld any responsive documents." Pl. Arnold's Supplemental Resp. to Def. ADT's Second Set Req. for Produc. of Docs. at 1-2. Braxton's supplemental response to each request for documents was: "Plaintiff objects to the form of the question as seeking documents which are protected by the work product doctrine." Pl. Braxton's Supplemental Resp. to Def. ADT's Second Set Req. for Produc. of Docs. at 1-2. Except responses to requests 21 and 26, Doran's supplemental response to each request for documents was: "All such documents have previously been produced and no responsive documents have been withheld." Pl. Doran's Supplemental Resp. to Def. ADT's Second Set Req. for Produc. of Docs. at 1-11. Except interrogatories 9 and 22, Doran's supplemental response to each question in ADT's first set of interrogatories was: "Plaintiff has fully responded to the question and has no more information to provide at this time." Pl. Doran's Supplemental Resp. to Def. ADT's First Set of Interrogs. at 1-10.

including, dismissal of Plaintiffs' claims." D. Ct. Order of Mar. 31, 2009. Moreover, the district court authorized ADT to file a motion to compel discovery. Although plaintiffs supplemented their responses, ADT still found them lacking and thus filed a motion to compel and request for sanctions.

The district court agreed that plaintiffs' discovery responses remained incomplete. It granted the motion to compel and request for attorneys' fees sanctions, but denied the request for sanctions of dismissal. Id. The district court allowed the plaintiffs another two weeks to fully respond to ADT's discovery requests. The district court ordered sanctions in the amount of $100 per day against plaintiffs (excluding Arnold and Braxton)[5] and Sullivant to commence on April 16, 2009, and continuing until they completed their responses and produced all necessary documents. Id. at 8.

Plaintiffs moved for reconsideration of and relief from the district court's order imposing sanctions. Plaintiffs also moved to stay the part of the district court's order levying daily fines. Plaintiffs argued that ADT had provided new evidence, that plaintiffs' deficient responses were justified, and that the sanctions were unjust. The district court denied the motions. D. Ct. Order of Apr. 22, 2009.

Thereafter, Sullivant moved to withdraw from the case, citing an inherent conflict of interest, possible violations of professional responsibility, and medical conditions. The district court granted the motion and ordered that Sullivant notify plaintiffs that they were required to obtain new counsel and to attend a June 2009 status conference. D. Ct. Order of May 7, 2009. The district court also sent notice of the status conference to plaintiffs at their addresses listed in the amended complaint. Braxton's notice was returned as undeliverable to the district court, but a certified

---

[5]Arnold and Braxton were not named in the motion to compel and thus were not subject to the sanctions imposed by that order.

letter to Braxton was signed for on November 2, 2009, at the same address. The district court dismissed with prejudice Arnold's and Braxton's claims against ADT after they failed to attend the June 2009 status conference. D. Ct. Order of June 22, 2009. Doran informed the district court that she was having car trouble and would miss the status conference. Id. at 1 n.1. The district court ordered her to obtain new counsel or notify the district court by July 13, 2009, of her intent to proceed *pro se*. Id. On July 17, 2009, the district court dismissed with prejudice Doran's claims after she failed to comply with the district court's order. D. Ct. Order of July 17, 2009.

II.

A. Motion to Compel and Request for Sanctions

Upon granting a motion to compel, a court must require the party "whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such payment must be ordered unless (1) the movant filed the motion before attempting to in good faith to obtain the disclosure or discovery without court action, (2) the nondisclosure was substantially justified, or (3) other circumstances would make the award of expenses unjust. Id. Doran and Sullivant do not appeal from the district court's grant of ADT's motion to compel, but rather argue that ADT did not attempt to confer in good faith and that the district court failed to analyze whether their nondisclosure was substantially justified or whether the award was unjust.

We review for abuse of discretion the district court's grant of discovery sanctions. Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999). "We are especially reluctant to substitute our judgment for that of the district court in the matter of appropriate attorney's fees, because the district court is in the best position to determine whether hours were reasonably expended and whether an attorney's

hourly rates are reasonable within the context of the relevant community." Collins v. Burg, 169 F.3d 563, 565 (8th Cir. 1999) (citing Moore v. City of Des Moines, 766 F.2d 343, 346 (8th Cir. 1985)).

The district court found that ADT had attempted to confer with plaintiffs in good faith without court intervention. The record reflects that ADT repeatedly attempted to confer with Sullivant regarding the incomplete discovery responses.[6] ADT also notified plaintiffs of the discovery deficiencies by letter. When plaintiffs failed to submit complete responses, ADT sought court intervention and requested authorization to file a motion to compel, which was granted. After ADT filed its motion to compel, the district court reviewed the responses and specified their deficiencies. With respect to Doran, the district court found that she had failed to provide her damages computations, that she failed to provide any information about her employment after 1998, and that she failed to explain the alleged disparate treatment. Given the record before it, the district court properly granted the motion to compel and did not clearly err in finding that ADT had "attempted to confer with Plaintiffs in good faith . . . ." D. Ct. Order of Mar. 31, 2009, at 4.

Doran and Sullivant argue that the district court overlooked significant facts and failed to analyze whether plaintiffs were substantially justified in their nondisclosure or whether the award was unjust. The district court found unpersuasive plaintiffs' argument that they had provided all information within their control. Plaintiffs' supplemental responses did not address the deficiencies described by the district court, and plaintiffs had missed the December 2008 and January 2009 deadlines. The district court held that lesser sanctions than dismissal were appropriate, even though

[6]ADT's counsels' timesheets and emails support ADT's assertion that it made multiple attempts to confer with plaintiffs' counsel. There was a gap in communication from August 2007 through September 2008, when no scheduling order was in effect.

it had previously warned plaintiffs of the possibility of dismissal for continued failure to comply with its discovery order deadlines.  Id. at 8.

The district court limited the attorneys' fee sanction to the 45.7 hours ADT spent preparing the motion to compel and request for sanctions.  The district court did not abuse its discretion in holding Doran and Sullivant jointly and severally liable for ADT's reasonable attorneys' fees in preparing the motion to compel.[7]  See Fed. R. Civ. P. 37(a)(5).

### B.  Motion for Reconsideration and Stay of Order Imposing Sanctions

Doran and Sullivant contend that their failure to respond to ADT's discovery requests occurred because they had not received ADT's supplemental disclosures pursuant to Federal Rule of Civil Procedure 26.  They argue that with the information contained in the supplemental disclosures plaintiffs could have complied with the district court's discovery orders.  They also argue that ADT's delay in supplementing its Rule 26 disclosures justify setting aside the grant of attorneys' fees.

We review a district court's decision regarding a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) under an abuse-of-discretion standard.  Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted).  They are not to be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue.  Id.  A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time."  Id.

---

[7]According to ADT's counsels' timesheets and attorney's affidavit, two attorneys prepared the motion to compel and request for sanctions.  One attorney spent 40.4 hours at $230 per hour; the other attorney spent 5.3 hours at $320 per hour.

Doran and Sullivant contend that the district court should have granted the motion for reconsideration because ADT's supplemental disclosures constituted newly discovered evidence. See Fed. R. Civ. P. 60(b)(2) (allowing relief from an order on the basis of newly discovered evidence). The evidence was not newly discovered, however, because it was produced to plaintiffs before the district court issued its order on ADT's motion to compel. Moreover, the district court found no support for the proposition that plaintiffs had previously attempted to gather the information. It also rejected plaintiffs' argument that the supplemental disclosures addressed the deficiencies of plaintiffs' discovery responses. We conclude that the district court did not abuse its discretion in holding that the evidence was not newly discovered and that plaintiffs had not exercised due diligence as required by Rule 60(b)(2).

We find meritless Doran and Sullivant's contention that reconsideration was warranted based on ADT's alleged fraudulent conduct. See Fed. R. Civ. P. 60(b)(3) (allowing relief from order based on opposing party's fraud, misrepresentation, or misconduct). Plaintiffs were required to show, with clear and convincing evidence, that ADT engaged in a fraud or misrepresentation that prevented them from fully and fairly prosecuting their case. See United States v. Metro St. Louis Sewer Dist., 440 F.3d 930, 935 (8th Cir. 2006). They failed to do so. Accordingly, the district court did not abuse its discretion in holding that plaintiffs failed to satisfy the requirements of Rule 60(b)(3) and in denying plaintiffs' motion for reconsideration and their motion to stay the order imposing sanctions.

## C. Dismissal with Prejudice

We review a district court's dismissal with prejudice for abuse of discretion. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). A district court may dismiss with prejudice a cause of action "for failure of a plaintiff to prosecute or comply with these rules or any court order." Fed. R. Civ. P. 41(b). "Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt, 203 F.3d at 527 (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997)). A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." Id. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." Id. (citation omitted).

Arnold, Braxton, and Doran contend that dismissal was too harsh a discovery sanction for their failure to comply with the district court's order. Plaintiffs demonstrated a persistent pattern of delay and failure to comply with the district court's orders. The district court provided plaintiffs with numerous opportunities to comply with its discovery orders. It attempted to address plaintiffs' conduct through less severe sanctions and warned plaintiffs of the possibility of dismissal. The district court did not dismiss with prejudice plaintiffs' claims as a discovery sanction but as a sanction for failing to comply with its order to attend the June and July status conferences. See Fed. R. Civ. P. 41(b) (allowing dismissal of actions "if the plaintiff fails to prosecute or to comply with these rules or a court order").

Arnold, Braxton, and Doran contend that they were denied due process because some notices of the June 2009 status conference were returned to the district court.

This argument fails because the notices sent to Arnold and Doran were not returned and a certified letter was later accepted at the same address to which Braxton's notice was sent. Moreover, plaintiffs had previously acknowledged their responsibility to keep their addresses updated. See Tr. 6-7, Mar. 30, 2009. Accordingly, the district court did not abuse its discretion in dismissing plaintiffs' claims with prejudice.

## III.

We affirm the district court's orders granting ADT's motion to compel and imposing monetary sanctions, denying plaintiffs' motion for reconsideration and stay, and dismissing with prejudice plaintiffs' claims. In light of our holding, we need not reach the issue of whether plaintiffs' motion for an extension of time to designate experts was properly denied.

_____