# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1726

_____

Gary Schubert,                                          *
                                                        *
      Plaintiff – Appellant,              *
                                                        *    Appeal from the United States
    v.                                      *    District Court for the
                                                        *    Southern District of Iowa.
Pfizer, Inc.; Paul Plofchan; Mike                       *
Lynch,                                                  *
                                                        *    [UNPUBLISHED]
      Defendants – Appellees.             *

_____

Submitted: January 9, 2012
Filed: February 1, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Gary Schubert, a former Pfizer, Inc., pharmaceutical sales representative, brought suit against Pfizer and his former district managers, Paul Plofchan and Mike Lynch (collectively, "Pfizer"), alleging age discrimination, harassment, and retaliation. The district court[1] dismissed Schubert's case as a sanction for repeated discovery violations. On appeal, Schubert contends the district court clearly erred in finding he wilfully violated court orders compelling discovery, and abused its

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

discretion by dismissing his case with prejudice and adopting the magistrate judge's[2] recommendation Schubert pay Pfizer $53,255.55 in fees and costs. We affirm.

I

Initial discovery disputes came to a head in February 2010, ten months after Schubert initially filed his complaint, when Pfizer filed a motion to compel. Specifically, Pfizer requested complete answers to a number of interrogatories and production of several documents. Pfizer requested Schubert's tax returns and the identity of his medical providers, among other things, to assess Schubert's claim of lost wages and medical and emotional distress damages. The magistrate judge granted Pfizer's motion on March 12, 2010, and ordered compliance by April 5, 2010. Schubert failed to respond in a timely and meaningful way.

On April 9, 2010, Pfizer filed its first Motion for the Sanction of Dismissal, in which it summarized Schubert's failures to provide discovery and to comply with the March 12 order. On May 10, 2010, the magistrate judge held a telephonic hearing, and, although it did not grant Pfizer's first motion to dismiss, it admonished Schubert for his numerous violations, and ordered him, among other things, to supplement his deficient answers to interrogatories relating to his financial activities, his efforts to mitigate damages, his medical providers, and to produce documents relating to his taxes, calendars, business entities, etc. The magistrate judge set a short deadline for compliance: May 14, 2010. Again, Schubert failed to fully comply.

On May 20, 2010, the magistrate judge held another discovery hearing, lasting 3 hours and consuming 120 pages of transcript. The magistrate judge ordered full production of Schubert's tax returns and all relevant tax materials for 2005, 2009, and

_____

[2]The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

-2-

2010, the years for which Schubert had so far failed to produce any information.  The magistrate judge gave Schubert until June 1, 2010, and emphasized the importance of her order:  "I don't want to get to June 1st and have people say, okay, 'Now I just need another month,' because we've horsed around on this for quite a while.  So I will put June 1st, but I'm going to hold you to June 1st[.]"  Hr'g Tr. at 30, May 20, 2010.  On June 4, 2010, the magistrate judge issued an order memorializing her rulings from the May 20, 2010, conference.  In her order, the magistrate judge chastised Schubert and his counsel for their failures to comply with court orders and the Rules of Civil Procedure, sanctioned Schubert $3,000 for Pfizer's costs and fees associated with his noncompliance, and ordered the parties to secure local counsel to participate in all significant discovery events and conferences.  The magistrate judge then warned Schubert about the possibility of additional sanctions if his misconduct continued:

> It is apparent that Plaintiff's counsel is not fluent in the Federal Rules of Civil Procedure, and that Plaintiff or his counsel have not completed production of documents in a prompt fashion. The ongoing delay and confusion in the completion of discovery has got to stop. Whether the delay has been caused by Plaintiff's counsel, or Plaintiff himself, they are both advised that further unnecessary delay, or any obstruction of the discovery process, will result in the imposition of sanctions, which can include dismissal of the action. See Fed. R. Civ. P. 37(d).

Order Denying Mot. to Dismiss at 9, June 4, 2010.  Again, Schubert failed to fully comply.

On July 7, 2010, the magistrate judge held another discovery hearing.  During the hearing, the magistrate judge learned, among other things, Schubert (1) had yet to produce any documents relating to his financial activities for 2009 or 2010; (2) had yet to produce any organizational or financial documents relating to five businesses he was involved with—and that Schubert was not planning to meet with his tax

preparer regarding these companies until August 2010 due to Schubert's own travel schedule; (3) Schubert had destroyed evidence; and (4) had not meaningfully supplemented or amended his interrogatory responses. Regarding Schubert's failure to produce financial documents, the magistrate judge stated:

> So where is Mr. Schubert's sense of urgency of being in compliance with my order to get that information by June 1st if he doesn't have an appointment until August?
> . . . .
> I'm speechless. I mean, I cannot comprehend how Mr. Schubert is demonstrating good faith in complying with his obligations to provide discovery in this case. I mean, from the description of the material that was just provided today, best case it's incomplete, and worst case it's flat-out ignoring my order, and I tried to anticipate the argument of incompletion in my order. So I'm not hearing any good cause for the material to be incomplete.

Hr'g Tr. at 16-17, July 7, 2010. Regarding Schubert's discovery responses in general, the magistrate judge stated:

> [E]very step Plaintiff has taken has resulted in delay of discovery, and every morsel of information that's been dribbled out has just been one piece of this jigsaw puzzle as opposed to giving Defendants the whole box with all the pieces in it.
>
> So I [am] having to parse through answers, plus supplemental material, plus something as basic as 'What's your medical history,' and still be flogging those questions six months into this year is inefficient and is incredibly expensive.
>
> . . . .
>
> I don't know what else I can do in terms of discovery management. I tell you to produce something, I give you a deadline, and it never happens, so I get little parts of things, and it still doesn't come out to be a full set

of discovery. The case has been on file for over a year, and we're working Plaintiff's damages issues, and it's still—there's nothing that's gelled or come together in terms of that, and that's assuming that there's really nothing controversial about the damage claims, but just from this description of them it seems to me that it is controversial.

Id. at 41-42. At the conclusion of the hearing, the magistrate judge invited Pfizer to re-file its April 2010 Motion for the Sanction of Dismissal. Id. at 49-50.

On July 16, 2010, Pfizer filed its Renewed Motion for the Sanction of Dismissal. On July 30, 2010, Schubert finally produced several hundred pages of documents to Pfizer, though it appears his production was still inadequate. The magistrate judge conducted another discovery hearing on August 3, 2010, and issued her Report and Recommendation on September 10, 2010: "In light of [Schubert's] willful violations of Orders, previously sanctioned misconduct, his ongoing failure to engage fully in the discovery process, and lack of compliance with the Federal Rules of Civil Procedure," the magistrate judge recommended Schubert's lawsuit be dismissed with prejudice and Pfizer be awarded its reasonable costs and fees incurred as a result of Schubert's conduct. Order and Report and Recommendation at 6-7, Sept. 10, 2010. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) and 16(f)(2), and after considering Pfizer's subsequent Statement of Costs and Fees and Schubert's objections, the magistrate judge assessed those fees and costs to be $53,255.55 in a December 17, 2010, order. The order explained that "[a]ny appeal of [the costs and fees] will be considered with the Objections to the Report and Recommendation for Sanctions." Order on Fees and Costs at 5, Dec. 17, 2010.

Schubert filed objections to the magistrate judge's Report and Recommendation on October 20, 2010, in which he requested a hearing in front of the district court. In those objections, Schubert did not make any reference to the magistrate judge's recommendation he "pay Defendants the amount of their fees and costs involved in bringing the renewed Motion for Sanctions." Order and Report and

Recommendation at 7, Sept. 10, 2010. Although Schubert's reply in support of his objections did request "the opportunity to be heard" on the issue of fees and costs, Reply to Def.'s Resp. to Pl.'s Objections at 4, Dec. 3, 2010, Schubert did not state any specific objection. In addition, Schubert never filed an objection to the magistrate judge's Dec. 17, 2010 Order on Fees and Costs in which the magistrate judge awarded Pfizer $53,255.55.

The district court granted Schubert a hearing to discuss his objections, which it conducted on February 22, 2011. During the hearing, Schubert's counsel did not raise the issue of costs and fees. The district court then issued an order on February 28, 2011, finding "evidence of multiple violations of multiple orders, a pattern of conduct demonstrating willfulness, and prejudice to the Defendants." Order Granting Mot. to Dismiss at 9, Feb. 28, 2011. Furthermore, the district court stated it was "not convinced that a less severe sanction could remedy the effect of Schubert's transgression, or that, if the court denies Defendants' motion, Schubert's litigation conduct is likely to significantly improve." Id. (internal quotation marks and citation omitted). The district court adopted the magistrate judge's Report and Recommendation in its entirety, and dismissed Schubert's case with prejudice. Id.

II

On appeal, Schubert argues the district court abused its discretion by granting Pfizer's Motion for the Sanction of Dismissal, and awarding Pfizer reasonable fees and costs associated with Schubert's discovery violations.

A. Dismissal With Prejudice

Under Federal Rule of Civil Procedure 37(b)(2)(A), the district court may impose sanctions for discovery violations, including dismissal of the action in whole or in part. Because dismissal is an extreme result, we have allowed dismissal to "be

considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citing Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000)). We review a district court's imposition of such sanctions for abuse of discretion, id., and "more closely scrutinize dismissal imposed as a discovery sanction because the opportunity to be heard is a litigant's most precious right and should sparingly be denied." Id. at 940-41 (internal quotation marks and citation omitted). We will review any factual findings made by the district court, including its "determination that appellant wilfully disregarded court orders[,]" for clear error. Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998); see also Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992) (reviewing the district court's finding the party acted with willful disobedience for clear error). "[A] finding is clearly erroneous only when, even though there is evidence in the record to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." Rodgers, 135 F.3d at 1220 (internal quotation marks and citation omitted).

After reviewing the record as a whole, we conclude the district court did not clearly err in finding Schubert's violations of court orders willful; particularly, Schubert's failure to produce all relevant tax returns and his destruction of evidence. See id. (holding the district court did not err in concluding appellant willfully failed to produce financial documents); Keefer, 238 F.3d at 941 (refusing to second-guess the district court's credibility determination the appellant had willfully destroyed calendar entries in violation of basic discovery obligations).

Furthermore, the record supports the district court's conclusion Schubert's actions prejudiced Pfizer by preventing it from accurately assessing Schubert's claims. See Avionic, 957 F.2d at 559 ("In the context of [Fed. R. Civ. P.] 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim."); see also Schoffstall, 223

F.3d at 824 (concluding prejudice existed where plaintiff's misconduct forced defendants to spend significant amount of time "hounding" plaintiff for discovery instead of defending their case and preparing for trial).

Having found no clear error in the district court's factual findings, we next turn to whether the court abused its discretion in dismissing Schubert's case with prejudice. Here, the district court not only found Schubert to have willfully violated court orders, but also noted its concern over the "combined impact of Schubert's violations" and the "clear pattern of discovery malfeasance demonstrated by Schubert in this case." Order Granting Mot. to Dismiss at 6, Feb. 28, 2011. In addition, the court properly distinguished this case from Sentis Grp., Inc., Coral Grp. Inc. v. Shell Oil Co., 559 F.3d 888 (8th Cir. 2009), which Schubert again attempts to analogize to on appeal. In Sentis, we reversed the district court's sanction of dismissal with prejudice, concluding such an order was an abuse of discretion when the evidence only clearly supported one minor, technical violation—a violation neither willful nor prejudicial. 559 F.3d at 903-04. The facts in Sentis are in sharp contrast with the pattern of violations present in this case. Furthermore, the district court already considered Schubert's argument his violations were simply the result of inexperienced counsel doing the best he could in the face of a "well-oiled discovery machine" exploiting his every mistake. Appellant's Reply Br. at 4; Pl.'s Obj. to Mag.'s Order and Rpt. and Recom. at 13, Oct. 20, 2010. In light of the district court's findings discussed above, and upon our own careful review, we conclude the record supports the district court's conclusion a less severe sanction would not remedy Schubert's discovery violations. Therefore, the court's decision to dismiss with prejudice was not an abuse of discretion. See Martin v. DaimlerChrysler Corp., 251 F.3d 691, 693-96 (8th Cir. 2001) (affirming dismissal where plaintiff committed several discovery violations, including failing to disclose numerous lawsuits to which she had been a party and failing to disclose the identity of certain health care providers); Keefer, 238 F.3d at 941 (affirming dismissal where plaintiff destroyed calendar entries, thereby prejudicing defendants). Cf. Arnold v. ADT Sec. Servs.,

Inc., 627 F.3d 716, 722-23 (8th Cir. 2010) (affirming dismissal under Rule 41(b) where district court "provided plaintiffs with numerous opportunities to comply with its discovery orders[, i]t attempted to address plaintiffs' conduct through less severe sanctions[,] and warned plaintiffs of the possibility of dismissal."); Rodgers, 135 F.3d at 1218, 1221-22 (affirming dismissal under Rule 41(b) where plaintiff intentionally delayed discovery and produced financial documents at the "eleventh-hour [in an attempt] to cure his violation of a discovery order").

## B. Assessment of Fees and Costs

Federal Rule of Civil Procedure 37(b)(2)(C) requires the court to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." In addition, Rule 16(f)(2), governing Pretrial Conferences, Scheduling and Management, imposes similar obligations on the court regarding the payment of "reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule[.]" "We review an award of sanctions pursuant to Rule 37(b) under the abuse of discretion standard." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1012 (8th Cir. 1993). We similarly review sanctions assessed under Rule 16(f) for an abuse of discretion. Gundacker v. Unisys Corp., 151 F.3d 842, 849 (8th Cir. 1998).

Schubert argues the district court failed to conduct a *de novo* review of the magistrate judge's award of costs and fees to Pfizer. Alternatively, Schubert argues since the district court failed to discuss at all the issue of costs and fees at the February 22, 2011, hearing, or in its February 28, 2011, order, it therefore must have rejected it.

First, it is at best questionable whether Shubert properly objected to the magistrate judge's recommendation to award Pfizer costs and fees. Although Shubert

requested an opportunity to be heard on the issue of costs and fees in his Reply to the Defendant's Response to Plaintiff's Objections on December 3, 2010, he never specifically objected to the December 17, 2010, order valuing the costs and fees at $53,255.55, nor did he raise the issue in front of the district court during the February 22, 2011, hearing. Under these facts, we find it difficult to conclude the district court was required to conduct a *de novo* review on the issue of costs and fees. See 28 U.S.C. § 636 (stating "A judge of the court shall make a *de novo* determination *of those portions* of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); but see Belk v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994) (emphasizing the importance of *de novo* review by the district court).

Yet, even if we were to conclude Schubert's request to be heard on the issue of fees and costs was sufficient to require the district court to conduct a *de novo* review, we cannot conclude the court failed to consider Schubert's objection simply because the district court did not specifically refer to the magistrate judge's determination of the appropriate monetary sanction. See United States v. Hamell, 931 F.2d 466, 468 (8th Cir. 1991) ("[I]n the absence of any evidence to the contrary, we presume that the [*de novo*] review was done properly and affirm the district court's approval of the magistrate's recommendation.").

Moreover, in this case there is evidence the district court did in fact consider the issue of costs and fees. The district court specifically stated it had carefully reviewed "the parties' original submissions on both motions to dismiss, *the parties' additional submission made after issuance of the Report,* the transcript of the oral argument hearing on Defendants' renewed motion to dismiss . . . and the parties' oral arguments at the February 22, 2011 hearing." Order Granting Mot. to Dismiss at 6, Feb. 28, 2011 (emphasis added). After explaining what it had reviewed, the district court stated it "adopt[ed] the Report in whole." Id. Accordingly, we reject Schubert's argument the district court improperly failed to conduct a *de novo* review.

-10-

We also reject Schubert's contention that by failing to specifically mention costs and fees either at the hearing or in its order the district court implicitly rejected the magistrate judge's recommendation on that issue. Such a conclusion conflicts with the district court's order stating it "adopts Judge Bremer' [sic] Report and Recommendation (Clerks' No. 92) *in its Entirety*." Order Granting Mot. to Dismiss at 9, Feb. 28, 2011. (emphasis added). See, e.g., United States v. Alston, 626 F.3d 397, 400 (8th Cir. 2010) (noting that when "the district court adopt[s] the magistrate judge's report and recommendation in its entirety, we hereafter refer to the findings and conclusions of the report and recommendation as those of the district court.").

Having concluded Schubert was afforded the proper review by the district court, and that the district court adopted the magistrate judge's recommendation to award costs and fees to Pfizer, we must next ask if the court abused its discretion in awarding Pfizer the sum of $53,255.55 in costs and fees "for the period May 20 through September 30, 2010, relating to the additional extraordinary discovery expense caused by Plaintiff's noncompliance with discovery orders and Federal Rules of Civil Procedure." Order on Fees and Costs, 2, December 17, 2010. We conclude it did not.

"We are especially reluctant to substitute our judgment for that of the district court in the matter of appropriate attorney's fees, because the district court is in the best position to determine whether hours were reasonably expended and whether an attorney's hourly rates are reasonable[.]" Arnold, 627 F.3d at 720 (internal quotation marks and citation omitted). In this case, the court properly considered only the amount of fees and costs associated with Schubert's failure to comply with court orders and Rule 16, and found Pfizer's account of hours spent and hourly rates reasonable. In fact, the court decreased the amount Pfizer originally requested by over $11,000 to specifically limit the award to extra work performed by Pfizer due to Schubert's misconduct during the appropriate time frame. Order on Fees and Costs at 4-5, Dec. 17, 2010. The sum awarded Pfizer, while significant, was within the

-11-

court's discretion and is supported by the record.  See Comiskey, 989 F.2d at 1012 (noting Rule 37 "authorizes an award encompassing all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly[,]" and upholding an award of $6,407.50 in costs and fees) (internal quotation marks and citation omitted); First Am. State Bank v. Cont'l Ins. Co., 897 F.2d 319, 329 (8th Cir. 1990) (upholding a monetary sanction of $2,191.64 under Rule 37(b) because counsel "unjustified[ly] and willfully delayed non-compliance with certain pretrial discovery orders" and because the record was "replete with egregious discovery abuse.")

## III

Accordingly, we affirm the district court's dismissal with prejudice and the court's assessment of costs and fees against Schubert in the amount of $53,255.55.

_____