**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3366
_____

EARL A. PONDEXTER,
                                    Appellant

v.

PENNSYLVANIA HUMAN RELATIONS COMMISSION; GOVERNOR OF
PENNSYLVANIA; GERALD S. ROBINSON, Chairman; JOANN L. EDWARDS,
Executive Director; LYLE M. WOOD, PHRC Representative; DIANE BLANCETT
MADDOCK, Assistant Chief General Counsel/PHRC; THE ALLEGHENY COUNTY
HOUSING AUTHORITY, et al; FRANK AGGAZIO, Executive Director; JOHN
JOYCE, General Counsel; THOMAS MCPOYLE, Assistant General Counsel; JAMES
BULLS, Director of Housing Operations; JAMES T. ZAPF, Assistant Director of
Housing; DEBRA BREITENSTEIN, Legal Assistant/HR Department
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-00732 )
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2014
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 21, 2014 )
_____

OPINION
_____

PER CURIAM

Earl A. Pondexter, proceeding pro se and in forma pauperis, appeals from the District Court's orders dismissing his complaint for lack of subject matter jurisdiction and denying his motion for reconsideration. For the reasons below, we will affirm.

**I.**

Prior to this case, in July 2011, Pondexter filed a pro se civil rights complaint in the District Court against the Allegheny County Housing Authority ("ACHA"), James T. Zapf, Frank Aggazio, Thomas McPoyle, and John Joyce (the "Original Defendants"). Pondexter v. Allegheny Cnty. Hous. Auth., No. 11-cv-00857 (W.D. Pa.). Pondexter asserted that his housing application was unlawfully denied on account of his race and mental disability. Id. The parties filed cross-motions for summary judgment. In August 2012, the District Court granted the Original Defendants' motion for summary judgment and denied Pondexter's motion. The District Court relied, in part, on an affidavit executed by James Bulls (the "Affidavit"), the ACHA Director of Housing Management-Operations Department, who averred that Pondexter had never filed a housing application. The District Court, noting that Pondexter submitted no evidence to contradict the Affidavit, found that ACHA did not deny Pondexter's application (as none existed) and that therefore it did not discriminate against him. Pondexter appealed, and we summarily affirmed the District Court's judgment. See 12-3954.

Pondexter then initiated this new case, asserting that the Affidavit was a "sham affidavit." He appeared to be arguing, in essence, that the District Court should not have granted the Original Defendants' motion for summary judgment in the 2011 case. In the new complaint, in addition to the Original Defendants, Pondexter also named the

2

Pennsylvania Human Relations Commission ("PHRC"), Lyle Wood, James Bulls, and Debra Breitenstein as defendants and referenced them in the body of his complaint. Pondexter further named Gerald Robinson, Joann Edwards, and Diane Maddock (all affiliated with PHRC) and Governor Thomas Corbett as defendants, though he did not refer to them in the body of his complaint. Pondexter asserted that the PHRC has the authority to investigate a complaint of unlawful discrimination in housing, and that Wood, an employee of PHRC, was prevented from performing his duties due to the Affidavit. Pondexter further asserted that Bulls and Breitenstein (the notary public who notarized the Affidavit) conspired to harm him. Pondexter did not specify what relief he was seeking, but a liberal reading of his complaint suggests that he was seeking at most the reinstatement of his 2011 complaint.

The District Court concluded that Pondexter was seeking to reinstate his 2011 complaint, and it dismissed the new complaint for lack of subject matter jurisdiction. The District Court also noted that res judicata/collateral estoppel precluded reconsideration of Pondexter's claim. In June 2013, Pondexter filed a motion for reconsideration, reiterating his prior arguments, which the District Court denied. Pondexter timely appealed both orders.

**II**.

We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's determination of its own subject matter jurisdiction and its decision to apply res judicata. Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010); Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 248 (3d Cir. 2006) (issue

3

preclusion). We review the denial of Pondexter's motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

**III**.

The District Court correctly dismissed Pondexter's complaint for lack of subject matter jurisdiction and on res judicata grounds. As to subject matter jurisdiction, as Pondexter was seeking to relitigate a previously decided (and appealed) action, the District Court correctly concluded that it lacked jurisdiction to adjudicate a new, collateral challenge over the final judgment. See 28 U.S.C.A. § 1291; Olcott v. Del. Flood Co., 327 F.3d 1115, 1123 (10th Cir. 2003) (noting that § 1291 divests district courts of jurisdiction over matters that, if wrong, should be corrected on appeal).[1]

As noted, Pondexter's new complaint named additional defendants, making it more difficult to classify the new action – as to them, anyway – as necessarily a "collateral" attack on the District Court's original judgment. To the extent, if any, that Pondexter's new complaint intended to bring new claims against those defendants, however, the District Court appropriately rejected the attempt. Pondexter's claims against the new defendants all rely on his assertion that the Affidavit was a "sham."[2]

---

[1] While the District Court is permitted to provide relief from final judgment, see Fed. R. Civ. P. 60, Pondexter did not seek such relief. Had Pondexter sought such relief from the District Court, it is unlikely he would have been successful. Pondexter's claim, in essence, is that the Affidavit was fraudulent, which he would have had to establish with clear and convincing evidence. See Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010); Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960). Pondexter's unsupported statements that the Affidavit was a "sham affidavit" fail to meet this standard.

[2] The only new defendants actually discussed in the body of Pondexter's complaint were Bulls, Breitenstein, and Woods. Even a liberal reading of Pondexter's complaint only

4

However, Pondexter's claim, that the Affidavit is a "sham," was previously litigated in the 2011 case. In his motion for reconsideration of the District Court's 2011 judgment, Pondexter argued that, despite the averments in the Affidavit, he did submit a housing application, and that Bulls had reason to lie in his Affidavit. The District Court, in denying Pondexter's motion for reconsideration, found that the Affidavit was supported by additional evidence showing that Pondexter failed to submit a housing application, and that Pondexter was unable to provide any countervailing evidence in support of his claims. Accordingly, issue preclusion bars re-litigation of the veracity of the Affidavit and whether Pondexter filed a housing application. See R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 429 (3d Cir. 2011).

We discern no abuse of discretion in the District Court's denying Pondexter's request for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks omitted). In his motion, Pondexter presented the same arguments that the District Court had previously rejected; the District Court properly

suggests that he intended to assert claims against Bulls and Breitenstein. Indeed, the complaint actually suggests that Pondexter believes that Woods was wrongfully prevented from performing his official duties as a result of the "sham affidavit." Accordingly, Pondexter's claims and factual assertions appear largely directed at the alleged wrongful conduct of Bulls and Breitenstein. However, in his brief in support of his appeal, Pondexter asserts, for the first time, that his complaint is actually directed at Woods (as opposed to the Original Defendants or Bulls and Breitenstein) for his failure to investigate Pondexter's unlawful discrimination claims due to his reliance on the Affidavit. For purposes of this opinion, we will construe the complaint to also include claims against Bulls, Breitenstein, and Woods.

5

refused to allow Pondexter to relitigate issues that it had already decided. See Lazaridis, 591 F.3d at 669.[3]

For these reasons, and in light of our overall examination of the record, we will affirm the judgment of the District Court. Pondexter's motions for default judgment, summary affirmance, and to expedite disposition of his appeal are denied.

---

[3] Pondexter also questioned Judge Fischer's impartiality. Pondexter previously filed a petition for a writ of mandamus in this Court, which sought to compel Judge Fischer to recuse herself based upon Pondexter's perception of judicial bias. See C.A. No. 13-3451. We found no support for Pondexter's assertions in that case, and he has failed to assert any additional facts which lend support to his bias claims.