LOKEN, Circuit Judge,
dissenting.
I respectfully dissent. In my view, the procedures described in detail in the district court’s Order dated May 1, 2012; Order To Show Cause dated June 22, 2012; and Order dismissing the action with prejudice dated July 6, 2012, constituted the same “persistent pattern of delay” by Bergstrom’s attorney that persuaded us to affirm orders dismissing with prejudice in Arnold v. ADT Security Services, Inc., 627 F.3d 716, 722 (8th Cir.2010), and in Siems v. City of Minneapolis, 560 F.3d 824, 826-27 (8th Cir.2009). Moreover, the court understates plaintiff Bergstrom’s personal participation in and responsibility for the extended dilatory conduct — the record on appeal includes emails from his attorney to *577 defendants’ attorney stating that Berg-strom could not appear for a duly noticed deposition on September 1, 2011, or for a rescheduled deposition proposed by defendants on November 15, 16, 17, or 18, for various personal reasons.
As the court acknowledges that “Clark’s delays and failure to comply with the ordered deadlines merited some form of sanction,” op. at 575, I interpret our decision as leaving the district court free on remand to impose a monetary sanction that will compensate defendants for the costly and prejudicial delays they have endured.